[Civ. No. 28766. First Dist., Div. Four. Oct. 7, 1970.]

JON ANDERSON et al., Petitioners, v.
H. P. SULLIVAN, as Secretary of State, etc., et al., Respondents.

COUNSEL

Paul G. Bower and David A. Cathcart for Petitioners.

John D. Maharg, County Counsel, and Edward H. Gaylord, Assistant County Counsel, for Respondents.

OPINION

THE COURT.—The petition for an alternative writ of mandate is denied. Petitioners are 12 persons residing in California, some of them in the City and County of San Francisco and others in the County of Los Angeles. They seek writ of mandate to compel the registrars of voters in places of their residence to refrain from enforcing the one-year residency requirement of section 1, article II of the Constitution of California, and to register petitioners as voters qualified to vote in the general election on November 3, 1970. They assert that they bring the proceeding also for the benefit of all other citizens of the United States who are over the age of 21 and who will have been residents of the county in which they wish to register for at least 90 days and of the precinct in which they wish to register at least 54 days prior to the election, but who will not have been residents of the State of California for one year prior to the election.

The petition was filed with the clerk of the Supreme Court of this state on September 11, 1970, and was immediately assigned by the Supreme Court to this court. Although we issued an alternative writ of mandate in another case in which challenge was made to the constitutionality of the one-year residency requirement, *Keane* v. *Mihaly, ante,* p. 1037 [90 Cal.Rptr. 263], we deny alternative writ in the case of *Anderson* v. *Sullivan.* The differences between the two cases are: 1) In the *Keane* case, the petitioners attempted to register before the 53-day period during which registration was closed had commenced. In the *Anderson* case, it is alleged that some of the petitioners attempted to register on or before the closing date, September 10, 1970, but others did not so attempt because the attempt would be futile. We are not told who did

and who did not attempt to register. 2) In the *Keane* case, the petitioners followed the procedure set forth in Elections Code, section 350 for cases in which registration is refused. They proceeded by action in the superior court to compel registration. This was not done in the *Anderson* case.

■ Because we cannot tell which of the few named petitioners in the *Anderson* case did act and which did not; because none of them followed the procedure set forth in Elections Code, section 350; because we cannot assume that the large number of unnamed persons who might be affected would all have attempted to register (millions of otherwise qualified electors do not actually register and thus lose their right to vote); because the problem of conducting the registration process, including distribution of the required ballot pamphlets (Elec. Code, §§ 3564-3574), would be and was at the time of the filing of the petition so vast as probably to create a condition of chaos, we deny the petition.

A petition for a rehearing was denied October 16, 1970.